**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 22, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

VINCENT GABRIEL,

      Plaintiff - Appellant,

v.

WAL-MART STORES, INC.;
WAL-MART STORE 1273,

      Defendants - Appellees.

No. 15-1431
(D.C. No. 1:14-CV-02848-CBS)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **HOLMES**, and **McHUGH**, Circuit Judges.
_____

The district court granted Wal-Mart's motion to enforce a settlement

agreement with Vincent Gabriel and entered judgment. Mr. Gabriel appeals and

Wal-Mart moves for frivolous-appeal sanctions. Exercising jurisdiction under 28

U.S.C. § 1291, we affirm the district court's judgment and deny Wal-Mart's motion.

Mr. Gabriel had a physical altercation with police after leaving a Wal-Mart in

Colorado Springs. Alleging that a Wal-Mart employee falsely reported him to the

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

police for shoplifting, he brought suit against Wal-Mart in state court to redress his personal injuries. Wal-Mart removed the case to federal district court under diversity jurisdiction.

On April 10, 2015, Wal-Mart served upon Mr. Gabriel an offer under Colo. Rev. Stat. § 13-17-202 to resolve all claims for $60,000. Three days later, Mr. Gabriel replied via email to opposing counsel indicating that he had "accepted the offer under the following conditions," which included that the terms eliminate any impact of Medicare or Tricare on the $60,000,[1] that payment be made within a week, and that all matters relating to the case be placed on hold pending execution of the agreement. Mr. Gabriel said that he would file a motion to compel arbitration "should these terms fail." R. at 82. Later that day, opposing counsel replied via email: "Walmart's statutory offer does not include your conditions and is inclusive of any and all liens. Walmart's offer remains open, so please let us know if you accept it." R. at 81. Seven minutes later, Mr. Gabriel replied, "Offer is accepted. Please take also into consideration my concerns in processing the offer." R. at 81. Counsel for Wal-Mart responded with a joint notice of settlement, which Mr. Gabriel approved for submission to the court, and noted that she was working on resolving the Medicare/Tricare issues. On April 14, Wal-Mart filed the joint notice of settlement with the district court.

---

[1] Apparently, there was concern about their liens on the judgment based on the Medicare Secondary Payer statute. *See* 42 U.S.C. § 1395y(b).

Dissatisfied with the length of time it was taking to sort out the Medicare/Tricare issues, Mr. Gabriel filed a motion requesting more time to submit dismissal papers because Wal-Mart was "slow in making good on its promise and Plaintiff may have a change of mind as settlement seems unsatisfactory and slow." R. at 64. After a telephone conference with the magistrate judge on June 5, Wal-Mart sent Mr. Gabriel an addendum to the settlement agreement. Rather than sign and return the addendum, Mr. Gabriel filed a response to the phone conference, agreeing to hold Wal-Mart harmless for any outstanding balance he owed to Medicare and stating he wanted the case closed "without prejudice." Mr. Gabriel sent Wal-Mart an email on June 19, 2015, noting that he had "woken up to the fact that unless WM pays at least $120,000.00 it makes no sense to accept dismissal of the case with prejudice." R. at 126 (emphasis omitted).

As a result, Wal-Mart filed its motion to enforce the settlement agreement and dismiss the case with prejudice on July 6, 2015 — the same day it paid Mr. Gabriel the balance of the settlement. The magistrate judge held a hearing on the motion in October 2015, during which he explained to Mr. Gabriel with extraordinary patience why he was bound by his acceptance of the statutory settlement offer despite Mr. Gabriel's arguments based on common-law contract principles. The magistrate judge granted Wal-Mart's motion and dismissed the case with prejudice.

On appeal Mr. Gabriel renews many of the same meritless arguments. But the Colorado Supreme Court has expressly stated that common-law contract principles are not applicable to offers of settlement under Colo. Rev. Stat. § 13-17-202. *See*

3

*Centric-Jones Co. v. Hufnagel*, 848 P.2d 942, 946 (Colo. 1993). Rather, it is "a matter of plain statutory interpretation." *Id.* at 947. Thus, we are limited to the statute's language: "If an offer of settlement is accepted in writing within fourteen days after service of the offer, the offer of settlement shall constitute a binding settlement agreement, fully enforceable by the court in which the civil action is pending." C.R.S. § 13-17-202(1)(a)(IV). Applying that language, the offer became a binding settlement agreement upon Mr. Gabriel's clear and unequivocal acceptance. Mr. Gabriel's common-law contract arguments are both irrelevant and without factual foundation.

Mr. Gabriel's other arguments are equally unavailing because they were not adequately preserved below, lack a factual basis, or are unsound as a matter of law. We need address only his challenge to the magistrate judge's authority. Mr. Gabriel consented in writing to the jurisdiction of the magistrate judge, so there was no reason for the magistrate judge to submit findings and recommendations to a district judge.

We agree with Wal-Mart that all of Mr. Gabriel's arguments are frivolous. But we decline to grant its motion for sanctions under Federal Rule of Appellate Procedure 38. At the hearing on Wal-Mart's motion to enforce, the district court repeatedly mentioned Mr. Gabriel's right to appeal the ruling to this court if he disagreed with the judge's reasoning, without any warning about frivolousness. In this context, we are reluctant to award sanctions against a pro se litigant.

4

We affirm the district court's judgment.  Wal-Mart's motion for sanctions is denied.  Mr. Gabriel's motion to file exhibits under seal is granted and his motion to defer deadlines until September 2016 is denied.

Entered for the Court


Harris L Hartz
Circuit Judge